08 CV 00326

JUDGE SULLIVAN

Cardillo & Corbett
Attorneys for Plaintiff
HEBEI EXPRESS SHIPPING CO., LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

RECEIVED
JAN 14 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEBEI EXPRESS SHIPPING CO., LTD.,

Plaintiff,

-against-

INTERNATIONAL ENERGY HOLDINGS GROUP LIMITED d/b/a/ INTERNATIONAL ENERGY HOLDING GROUP LTD.,

Defendant.

**ECF**
**VERIFIED COMPLAINT**

Plaintiff, HEBEI EXPRESS SHIPPING CO., LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, INTERNATIONAL ENERGY HOLDINGS GROUP LIMITED d/b/a INTERNATIONAL ENERGY HOLDING GROUP LTD. ("Defendant") alleges, upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2. At all material times to this action Plaintiff

was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room 3111, 35/F, West Tower, Shun Tax Centre 168-200 Connaught Road Central, Sheung Wan, Hong Kong.

3. At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Unit 1101, Fourseas Building 208-212 Nathan Road, Kowloon, Hong Kong. Upon information and belief, Defendant does business under the names, INTERNATIONAL ENERGY HOLDINGS GROUP LIMITED and INTERNATIONAL ENERGY HOLDING GROUP LTD.

DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. By a voyage charter party dated December 21, 2007, Plaintiff, as owner, chartered the M/V HEBEI EXPRESS (the "Vessel") to Defendant, as Charterer, to carry a cargo consisting of a minimum of 60,000 metric tons of coal in bulk from Kalimantan, Indonesia, to Guangzhou, China, (the "Charter Party").

6. The Vessel commenced its voyage on December 21, 2007 and arrived at Kalimantan on December 27, 2007,

where it tendered its notice of readiness.

7. Under the terms of the Charter Party, Defendant had 2.508 days to load the cargo. Charterers, however, breached the Charter Party by not having the cargo ready for loading. As a result the Vessel went on demurrage after waiting for 2.508 days. Under the terms of the Charter Party, the agreed demurrage rate is $50,000 per day, and it is payable day by day by Defendant to Plaintiff.

8. Pursuant to Clause 7 of the Charter Party, on January 4, 2008, Plaintiff delivered to Charterers an invoice for accrued demurrage in the amount of $276,162.50. Together with the invoice and in accordance with Clause 7 of the Charter Party, Plaintiff gave notice that unless Defendant paid the invoice for accrued demurrage, Plaintiff would terminate the Charter Party and claim damages for breach of the Charter Party as specifically provided in Clause 7 of the Charter Party.

9. Defendant failed and refused to pay the invoice for demurrage accrued as of January 4, 2008, and therefore, on January 11, Plaintiff terminated the Charter Party and ordered the Vessel to sail from the load port, reserving its rights to claim damages.

10. Plaintiff has calculated that had Defendant performed the Charter Party in accordance with its

contractual obligations, Plaintiff would have earned $54,571.21 per day for the approximately 20.5521 days during which the Vessel traveled to the load port, arrived and waited for a cargo and until it was forced to terminate the Charter Party due to Defendant's failure to load a cargo. Therefore, the loss of earnings sustained by Plaintiff is in the amount of $1,121,552.97. In addition, Plaintiff was forced to pay the fuel spent by the Vessel during the 20.5521 days spent on the voyage for an additional loss of $116,310. Therefore, the loss incurred thus far by Plaintiff is in the amount of $1,237,862.97.

11. Plaintiff has fixed a substitute voyage at a lower rate due to a drop in market rates, and therefore, it is likely to sustain additional damages. Plaintiff, therefore, reserves the right to recalculate its damages.

HONG KONG ARBITRATION

12. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in Hong Kong. English law is applicable to the Charter Party.

13. Plaintiff reserves the right to demand arbitration from Defendant pursuant to the terms of the Charter Party.

14. Interest, costs and attorneys' fees are

routinely awarded to the prevailing party by arbitrators in Hong Kong pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---|
| A. | On the principal claims: | $1,237,862.97 |
| B. | Interest for 2 years at 8.5% | 210,436.70 |
| C. | Arbitration fees and attorneys' fees: | 70,000.00 |
| | TOTAL: | $1,518,299.67 |

DEFENDANT NOT FOUND WITHIN THE DISTRICT

15. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendant.

16. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

B. That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which

are due and owing to Defendant, in the amount of $1,518,299.67 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
January 14, 2008

CARDILLO & CORBETT
Attorneys for Plaintiff
HEBEI EXPRESS SHIPPING CO., LTD.,

By: [signature]
Tulio R. Prieto (TP 8455)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
) ss.:
County of New York)

1. My name is Tulio R. Prieto.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on

behalf of the Plaintiff.

Tulio R. Prieto

Sworn to this 14th day
of January, 2008

NOTARY PUBLIC
CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011